UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

O'KEEFER D. HOOKER,

        Plaintiff,

        v.                                Case No. 19-C-1669

SGT. SCHROEDER,
RN PENNY,
CARLISSA,
RN NO. 836,
CORRECTIONAL HEALTH DEPARTMENT,
MANAGER RN NO. 630, and
KENOSHA COUNTY DETENTION CENTER,

        Defendants.

## SCREENING ORDER

Plaintiff O'Keefer D. Hooker, who is currently serving a state prison sentence at Kenosha County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $1.77. On December 5, 2019, Plaintiff filed a motion requesting an extension of time

to pay the initial partial filing fee. Because Plaintiff lacks the funds to pay the initial partial filing fee, the court waives the initial partial filing fee and grants Plaintiff's motion for proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that the Kenosha County Detention Center (KCDC) and the Correctional Health Department, along with multiple registered nurses have violated his rights because they

have left him to suffer from major tooth pain. He claims the Correctional Health Department has completed several assessments and noted that Plaintiff's mouth was starting to swell and that there is little to no room for Plaintiff's wisdom teeth to come in. He alleges "RN #836" advised that Plaintiff needs to see an oral surgeon to have them removed. The Correctional Health Department Manager "RN #630" told Plaintiff that the Health Department does not pull wisdom teeth and that he would have to wait to have his wisdom teeth removed at his next facility, which would not occur for five to six months. He alleges the Health Department has only provided him with Ibuprofen and put him on the list to see a dentist. Plaintiff asserts that he has been filing grievances and medical slips for over three weeks to receive treatment for his pain. Manager RN #630 told Plaintiff that the Health Department has a "first come, first served" policy. Plaintiff alleges that Sergeant Schroeder has done nothing to resolve the situation. Instead, he told Plaintiff that Plaintiff is on the list for dental and will be seen when it is his turn.

## THE COURT'S ANALYSIS

As Plaintiff is a pretrial detainee, his inadequate medical care claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 531 (1979). A Fourteenth Amendment claim is reviewed under an objective reasonableness standard. *See Miranda v. Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). First, the court determines "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id.* at 353. Then the court determines "whether the challenged conduct was objectively reasonable," which requires the court to "focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively . . .

3

whether the response was reasonable." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda*, 900 F.3d at 353). Plaintiff alleges that RN #836 and Manager RN #630 have ignored his complaints of severe tooth pain and have failed to provide treatment. Based on these allegations, Plaintiff may proceed on his claims of inadequate medical care against RN #836 and Manager RN #630.

Plaintiff also alleges that he wrote several grievances to Sergeant Schroeder but Sergeant Schroeder did not intervene. An inmate's correspondence to an administrator may "establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation" and the administrator fails to intervene on the inmate's behalf. *Perez v. Fenoglio*, 792 F.3d 768, 777–78 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992–93 (7th Cir. 1996)). Plaintiff's allegations are sufficient at this stage to state a failure to intervene claim against Sergeant Schroeder.

The complaint does not contain any allegations against RN Penny or Carlissa. Therefore, they will be dismissed as defendants. In addition, Plaintiff cannot proceed on his claims against the Kenosha County Detention Center or the Correctional Health Department because they are not suable entities under § 1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The court finds that Plaintiff may proceed on his inadequate medical care claims against RN #836 and Manager RN #630 and his failure to intervene claim against Sergeant Schroeder, with the understanding that Plaintiff will be required to file an amended complaint specifically identifying the RN defendants he has named in order for any claims against them to proceed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to pay the initial partial filing fee (Dkt. No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that RN Penny, Carlissa, the Kenosha County Detention Center, and the Correctional Health Department are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Kenosha County Detention Center as well as to the Kenosha County Sheriff, and the Kenosha County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to

this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 13th day of December, 2019.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court