UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

O'KEEFER D HOOKER,

        Plaintiff,

        v.                                  Case No. 19-C-1669

CARISSA W, sued as RN No 836,
and AMY A, sued as Manager RN No 630,

        Defendants.

## SCREENING ORDER

Plaintiff O'Keefer Hooker, who is currently housed at the Kenosha County Detention Center and representing himself, filed a complaint alleging constitutional violations under 42 U.S.C. § 1983. By order dated December 13, 2019, Plaintiff was allowed to proceed on inadequate medical care claims against RN #836 and Manager RN #630 as well as a failure to intervene claim against Sergeant Schroeder. Plaintiff was directed to identify the RN defendants cited in his complaint through discovery.

On February 5, 2020, Plaintiff filed a motion to amend his complaint. The decision to allow an amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be "freely given when justice so requires," absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Id.* Given Rule 15's liberal amendment policy, the court will grant Hooker's motion to amend and will screen the amended complaint.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on October 29, 2019, he told RN Carrissa that his mouth was in excruciating pain and that he needed his wisdom teeth pulled. Nurse Carrissa advised that the Detention Center does not pull wisdom teeth and that Plaintiff was on the list for the jail's dentist. She prescribed Plaintiff Ibuprofen. Plaintiff saw the dentist almost one month later, and the dentist put Plaintiff on the list to see the oral surgeon. Plaintiff continued to write health unit slips

advising staff that the Ibuprofen was not relieving his pain. He asserts that every time he submitted a request slip or a grievance, Manager RN Amy had the chance to intervene. Instead, RN Amy responded that inmates are seen on a first come, first served basis and that Plaintiff could continue filing medical requests. Medical staff continued to provide Plaintiff with Ibuprofen in response to Plaintiff's complaints of pain. After Plaintiff's wisdom teeth were pulled out, the oral surgeon prescribed "Narco" for Plaintiff's pain. RN Amy stated Plaintiff would not receive the Narco and continued to prescribe Ibuprofen.

### THE COURT'S ANALYSIS

Plaintiff is a pretrial detainee; therefore, his inadequate medical care claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 531 (1979). A Fourteenth Amendment claim is reviewed under an objective reasonableness standard. *See Miranda v. Lake*, 900 F. 3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). First, the court determines "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id.* at 353. Then the court determines "whether the challenged conduct was objectively reasonable," which requires the court to "focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively . . . whether the response was reasonable." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 97th Cir. 2018) (citing *Miranda*, 900 F.3d at 353). Plaintiff alleges that RN Carrissa and RN Amy ignored his complaints of severe tooth pain and failed to provide adequate treatment. Based on these allegations, Plaintiff may proceed on his claims of inadequate medical care against

3

RN Carrissa and RN Amy. Sergeant Schroeder is not named as a defendant in the amended complaint, therefore he will be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (Dkt. No. 16) is **GRANTED**. The Clerk is directed to detach and e-file the amended complaint (Dkt. No. 16-1).

**IT IS FURTHER ORDERED** that Sergeant Schroeder is **DISMISSED** as a defendant in this case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Kenosha County Detention Center as well as to the Kenosha County Sheriff, and the Kenosha County Corporation Counsel.

Dated at Green Bay, Wisconsin this 7th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
