O'KEEFER D. HOOKER,

        Plaintiff,

      v.                                                                     Case No. 19-C-1669

CORISSA WOZNY, et al.,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        Plaintiff O'Keefer D. Hooker, who is currently representing himself and serving a prison sentence at Oxford Federal Correctional Institution, filed this action against Defendants Carissa Wozny and Amy Allyn, alleging they violated his constitutional rights while he was housed at the Kenosha County Detention Center by ignoring his complaints of tooth pain and requests that his wisdom teeth be removed. Presently before the Court is Defendants' motion for summary judgment. For the following reasons, Defendants' motion will be granted and the case will be dismissed.

### BACKGROUND[1]

        Plaintiff was a pretrial detainee at the Kenosha County Detention Center at all times relevant to this matter. Carissa Wozny and Amy Allyn were nurses at Kenosha County Detention

---

[1] Plaintiff failed to respond appropriately to Defendants' proposed findings of fact in accordance with Civil L.R. 56. As a result, those facts are deemed admitted for the purposes of summary judgment. *See* Civil L.R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

Center. Nurse Wozny saw Plaintiff one time, on October 29, 2019. At that appointment, Nurse Wozny examined Plaintiff, noted he complained of wisdom tooth pain that was predominantly on the right side and that his gums were pink. She determined he had no signs or symptoms of infection in his mouth and instructed him to keep his mouth clean and eat soft foods. Nurse Wozny observed that Plaintiff had already been placed on the list to be seen by a dentist, and she advised that the dentist would determine if Plaintiff needed to have his wisdom teeth extracted by an oral surgeon. Later that day, Nurse Wozny spoke with a nurse practitioner about Plaintiff's complaints of pain, and the nurse practitioner ordered Ibuprofen 400 mg to treat the pain. Nurse Wozny, as a nurse, could not prescribe medication.

Nurse Allyn did not provide Plaintiff with hands on care related to his complaints of tooth pain. She attempted to explain to Plaintiff that a dentist needed to examine him to determine whether his wisdom teeth needed to be extracted and, if the dentist deemed extraction to be necessary, an oral surgeon would need to extract his wisdom teeth. She also reviewed Plaintiff's medical records and provided information to Kenosha County to use in responding to Plaintiff's grievances. On October 29, 2019, Nurse Allyn advised Kenosha County that Plaintiff had been seen in the clinic regarding his complaints of tooth pain, was referred to see a dentist, and would continue to be seen in the clinic to address his complaints of tooth pain. On November 1, 2019, Nurse Allyn again advised Kenosha County that Plaintiff had been seen in the clinic regarding his complaints of tooth pain, was referred to see a dentist, and would continue to be seen in the clinic to address his complaints of tooth pain.

A dentist saw Plaintiff on November 7, 2019. The dentist determined that Plaintiff needed to have his wisdom teeth extracted and recommended he be seen by an oral surgeon. On November 8, 2019, Nurse Allyn submitted the dentist's recommendation that Plaintiff be seen by an oral

surgeon for approval. When Plaintiff requested more pain medication on November 11, 2019, his Ibuprofen was increased to 600 mg twice a day. An oral surgeon extracted Plaintiff's wisdom teeth on December 3, 2019. On December 9, 2019, Nurse Allyn advised Kenosha County about the pain medication Plaintiff received after his wisdom teeth had been extracted. After Plaintiff had his wisdom teeth extracted, he was provided with pain medication, ice, and gauze and was seen in follow up. Plaintiff's post-operation wisdom tooth pain resolved, and he denied any acute pain or issues related to his wisdom teeth on December 11, 2019.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Plaintiff asserts that Defendants violated his constitutional rights by ignoring his complaints of tooth pain and requests that his wisdom teeth be removed. Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same protections against cruel and unusual punishment as prison inmates, "including the provision of adequate medical care." *Minix v. Canarecci*, 597 F.3d 824, 830–31 (7th Cir. 2010). But because pretrial detainees have not been convicted of a crime, the Eighth Amendment requirement of subjective awareness of the risk of serious harm is not an element of a Fourteenth Amendment claim by a pretrial detainee. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). In the medical context, the test is whether the defendant's deliberate failure to act was "objectively unreasonable." *Miranda v. County of Lake*, 900 F.3d 335, 354 (7th Cir. 2018).

"[T]he controlling inquiry for assessing a due process challenge to a pretrial detainee's medical care proceeds in two steps." *McCaan v. Ogle Cty.*, 909 F.3d 881, 866 (7th Cir. 2018). The first step focuses on the intentionality of the individual defendant's conduct. It asks "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id.* (quoting *Miranda*, 900 F.3d at 353). "A showing of negligence or even gross negligence will not suffice." *Id.* At the second step, the question is whether the challenged conduct was objectively reasonable. *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*

Defendants' conduct did not violate Plaintiff's due process rights. Nurse Wozny saw Plaintiff one time for complaints related to his wisdom teeth. She evaluated him and advised that

4

he was already placed on the list to be seen by a dentist to determine whether Plaintiff needed to have his wisdom teeth extracted. Nurse Wozny also talked to a nurse practitioner about Plaintiff's pain, and the nurse practitioner prescribed Plaintiff Ibuprofen for the pain. Nurse Allyn did not provide hands on care to Plaintiff; she only told him that a dentist would need to see him to determine whether his wisdom teeth needed to be extracted. Defendants were not qualified to extract Plaintiff's wisdom teeth or prescribe medication and did not control when Plaintiff would be seen by a dentist. Plaintiff ultimately saw a dentist and had his wisdom teeth removed by an oral surgeon. To the extent Plaintiff asserts that Defendants delayed his treatment, he has presented no evidence that Defendants were responsible for any delay in the extraction of his wisdom teeth or that the delay, rather than Plaintiff's underlying condition, caused some degree of harm. *See Williams v. Liefer*, 491 F.3d 710, 714–15 (7th Cir. 2007) ("In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm." (citing cases)). Defendants' conduct was not objectively unreasonable in this case. Therefore, Defendants' motion for summary judgment will be granted.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (Dkt. No. 39) is **GRANTED**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of February, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge